NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ALAN CABALLERO, *Appellant*.

No. 1 CA-CR 15-0668
FILED 7-7-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-151107001
The Honorable Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office
By Thomas Bailey, Phoenix
*Counsel for Appellee*

Maricopa County Public Defender's Office
By Joel M. Glynn, Phoenix
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Peter B. Swann joined.

---

**T H O M P S O N,** Judge:

¶1          This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Alan Caballero (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record.    Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2          Mesa Police Officers E.S. and D.S. were dispatched to a Fry's Food Store in Mesa for an unrelated medical-related emergency. When they arrived, Officer D.S. spotted defendant in the Fry's parking lot making noises and yelling. D.S. approached defendant and told him to "cut it out," however, defendant continued to act "erratically."   Officer D.S. told defendant he was being detained, defendant walked away.

¶3          Officer D.S. then grabbed defendant by the shoulder, and told him he was under arrest. Defendant turned around and took a boxer's stance, which prompted Officer D.S. to throw defendant to the ground and attempt to handcuff defendant. Officer E.S. assisted Officer D.S. with the arrest; defendant continued to pull his arms away in order to avoid being handcuffed. Once arrested, the officers drove defendant to the jail.

¶4          On the way to jail, defendant threatened the officers alluding to his gang ties, which, according to both officers, caused them to be concerned for their safety.  While in jail, a Mesa police officer photographed several gang-related tattoos on defendant's face and body.  Another officer, Officer A.G., met defendant and documented that defendant met three gang-member identification criteria: self-proclamation, clothing colors, and photographs of defendant's tattoos.

¶5          The state charged defendant with four counts: (1) Threatening or Intimidating [Victim:  Officer E.S.], a class six felony; (2) Threatening or Intimidating [Victim:  Officer D.S.], a class six felony; (3) Resisting Arrest

[Victims: Officer D.S. and/or Officer E.S.], a class six felony; and (4) Disorderly Conduct, a class one misdemeanor. Counts one and two of the Indictment further alleged that defendant "was a criminal street gang member."

¶6 A jury convicted defendant of counts one, two and three. Defendant was acquitted of count four. The trial court sentenced defendant to a slightly-mitigated prison term of three years on each count, ordered all three sentences to run concurrently, and gave him 343 days of presentence incarceration credit.

¶7 We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶8 We affirm the convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA